Vernon Hirt, President Big Bend Groundwater Management District No. 5 125 South Main, P.O. Box 7 Stafford, Kansas 67578
Dear Mr. Hirt:
As President of Big Bend Groundwater Management District No. 5, you request our opinion regarding the authority of the District to acquire lands and to expend monies raised through issuance of general improvement bonds.
You first ask whether K.S.A. 82a-1028(f) provides authority for the District to acquire land holdings in excess of 1,000 acres if all land acquired in excess of 1,000 acres is disposed of in a reasonable and expeditious manner. In connection with that question, you ask what time frame would be considered reasonable and expeditious.
K.S.A. 82a-1028, defining the powers of a groundwater management district, provides in section (f) that a groundwater management district may:
 "[A]cquire land and interests in land by gift, exchange or eminent domain, the power of eminent domain to be exercised within the boundaries of the district in like manner as provided by the eminent domain procedure act, except that any land holdings acquired pursuant hereto or in accordance with the provisions of the next preceding subsection shall not in the aggregate exceed 1,000 acres. In any case where a district has land holdings in excess of the described limitation, the district shall dispose of such excess in a reasonable and expeditious manner. . . ."
The provision concerning a 1,000 acre limitation has been statutory law since 1978.[1] The intent of this provision was to allow a district to accept any amount of land, but to require disposition of any amount of acreage acquired over 1,000 acres in order to minimize the amount of land taken off the market.[2] Although some legislative discussion ensued regarding whether to include a specific or indefinite time frame for disposition of acreage in excess of 1,000 acres,[3] the final legislative outcome was "a reasonable and expeditious manner."
From the plain language of K.S.A. 82a-1028a(f), as well as that statute's legislative history, we have no difficulty in opining that a groundwater management district may acquire land and interest in land in excess of 1,000 acres by gift, exchange or eminent domain. However, if the amount of land and interest in land so acquired exceeds 1,000 acres, the district must dispose of that excess in a reasonable and expeditious manner. As the Kansas Legislature chose not to specify an exact time frame to accomplish this, we are also unable to provide a bright line time frame. Too many factors could impact the setting of a specific amount of months, e.g., the amount of land, the price per acre, the availability of a willing and able buyer. Should the situation arise wherein a district needs to dispose of excess acreage, we would advise the district to act in good faith by taking necessary steps toward disposition as quickly as feasible under the circumstances.
Next, you ask whether the purchase by the District of a water right for the purpose of permanently retiring that right constitutes a capital cost of works of improvement that may be paid for with monies raised through issuance of general improvement bonds.
A groundwater management district is a body politic and corporate created by statute.[4] As a creature of the Legislature, it has only such power and authority as is granted by the Legislature and its power is only such as is conferred either expressly or by necessary implication.[5] The Legislature has conferred upon a groundwater management district the authority to "issue general and special bonds and incur indebtedness within the limitations prescribed by [K.S.A. 82a-1020et seq.]."[6] Monies raised through issuance of bonds may be used to pay "all or any part of the capital cost of works of improvement within the district. . . ."[7] Therefore, the proceeds of a general improvement bond issue may be used to purchase a water right if such a right is a capital cost of works of improvement.
K.S.A. 82a-1020 et seq. do not provide a definition for "works of improvement." Other statutes in which the phrase is included appear to contemplate construction, operation and maintenance of the works.[8]
This is appropriate when acknowledging that capital costs are "[c]osts for improvements to property; such are depreciable over the useful life of the improvements."[9]
A water right is "any vested right or appropriation right under which a person may lawfully divert and use water. It is a real property right appurtenant to and severable from the land on or in connection with which the water is used and such water right passes as an appurtenance with a conveyance of the land by deed, lease, mortgage, will, or other voluntary disposal, or by inheritance."[10] "A water right does not constitute ownership of the water itself. It is only a usufruct, a right to use water."[11] While it may be necessary to construct, operate, or maintain works of improvement in order to exercise a water right, the water right itself is not an improvement contemplated under K.S.A.82a-1031. This is particularly true when the water right is to be retired, resulting in no need for construction, operation, or maintenance of any kind. The purchase of a water right for the purpose of retiring the right, therefore, is not a capital cost of works of improvement for which a groundwater management district established pursuant to K.S.A.82a-1020 et seq. may expend monies that are raised through issuance of general improvement bonds authorized under K.S.A. 82a-1031.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Camille Nohe Assistant Attorney General
 Richard D. Smith Assistant Attorney General
PK:JLM:CN:RDS:jm
[1] L. 1978, Ch. 436, § 2.
[2] Minutes, Special Committee on Natural Resources, Nov. 14, 1977.
[3] Id.
[4] See K.S.A. 82a-1020 et seq.
[5] See Petition of City of Shawnee, 236 Kan. 1, 12 (1984); NEA-Wichitav. U.S.D. No. 259, Sedgwick County, 234 Kan. 512, 517 (1983).
[6] K.S.A. 82a-1028(h).
[7] K.S.A. 82a-1031.
[8] See K.S.A. 24-661; 24-1201a; 24-1206; 24-1209; 24-1228; 82a-1704.
[9] Black's Law Dictionary 189 (1979).
[10] K.S.A. 82a-701(g), as amended 2004 S.B. 524, § 141. See K.S.A.82a-1021(j), as amended by 2004 S.B. 524, § 148.
[11] John C. Peck, Title and Related Considerations in Conveying KansasWater Rights, 66 Journal of the Kansas Bar Association No. 9, 39 (Nov. 1997). See also K.S.A. 82a-707(a).